(Republished)

■ ROBERT N. BROWN ASSOCIATES, INC., Appellant, v. OSCAR FILEPPO et al., Respondents.— Order, Supreme Court, New York County, entered June 11, 1971, denying summary judgment, modified on the law, and the motion granted to the extent of directing the defendants to account to plaintiff for business diverted from the plaintiff to the defendants during the period of Fileppo's employment with the plaintiff, and otherwise denied, with costs to abide the event. The defendant Fileppo was employed by plaintiff as salesman pursuant to written contract dated December 31, 1960. Fileppo was made vice president and secretary and employed as salesman at a weekly salary of $150, later increased to $200, plus an expense account of $50, and one third of plaintiff's profits. He resigned as employee on March 21, 1968, but remained an officer, director and stockholder of plaintiff. Fileppo was required to devote all his time to the business of the corporation and covenanted not to engage directly or indirectly in any other business. Fileppo was permitted to be "interested in any non-competitive business". In 1965, Fileppo acquired stock and became

the principal of Graphein Associates, Ltd. Thereafter, and prior to his resignation from plaintiff's employ, Fileppo obtained printing orders from customers of the plaintiff and turned them over to Graphein. Fileppo's said conduct constituted a breach of his contractual obligation not to engage in any other business and to devote all his time to plaintiff's business. Implicit in the employer-employee relation is that the employee will not compete with his employer. (*Hercules Packing Corp.* v. *Steinbruckner*, 28 A D 2d 635, app. dsmd. 20 N Y 2d 757.) Moreover, as an officer of the plaintiff he was under an obligation not to compete with or profit personally at the expense of the plaintiff. (*Foley* v. *D'Agostino*, 21 A D 2d 60, 66, 67.) The provision in the employment contract that Fileppo might "be interested in any non-competitive business" is subject to the proviso that such interest "does not infringe upon [Fileppo's] duties and time under the terms of this agreement." It is not a grant to Fileppo either of the right to compete with plaintiff or to utilize his time and effort therefor. The moving affidavit alleges, and Fileppo does not deny, that he did not disclose to plaintiff his interest in defendant, Graphein Associates, Ltd., or that he was turning over to it printing orders he had obtained. Such covert conduct bespeaks guilty knowledge of Fileppo's obligation not to compete with plaintiff and to devote all his time to plaintiff's business. Even if Fileppo had first offered the orders to plaintiff and it had refused them, which is not the case, he was not free to divert them to a competitor for his profit without the express consent and approval of the plaintiff. (*Foley* v. *D'Agostino, supra*, pp. 67–68.) It is not a matter of defense that the orders diverted to Graphein may have been of insignificance or no value to the plaintiff as claimed in substance by Fileppo. This may be a factor relevant on the damages, if any, sustained by plaintiff; it does not affect the plaintiff's right to an accounting. Plaintiff-appellant is clearly entitled to an accounting based on the contract's definition of the relationship of the parties. The objections of our brethren to such an accounting really sum up to no more than objections to certain items of business of which, it is asserted without real contradiction, defendant-respondent deprived plaintiff by diverting them elsewhere. If these items are actually outside the contract's purview, the accounting will award plaintiff nothing for them, but their existence cannot deprive plaintiff of its contract-based right to have an accounting. The collateral agreement of December 31, 1960 granting Fileppo the option to purchase stock of Daly & Watins, Inc. is no defense to the plaintiff's action grounded on breach of the contract of employment and Fileppo's obligation as employee, officer and director of plaintiff not to compete with it. Defendant Fileppo may institute a plenary suit for damages for the alleged breach of the stock option agreement, if he be so advised. Concur — Markewich, Murphy and McNally, JJ.; Kupferman, J., dissents in a memorandum, and McGivern, J. P., concurs in the dissent in a memorandum, as follows: Kupferman, J., dissenting. The majority would foreclose analysis of the facts and of the real relationship, alleged by Fileppo, between his interest in Graphein Associates, Ltd., and his duty to the plaintiff. It is Fileppo's contention that rather than being competition, his other connection was beneficial to the plaintiff, because it meant that lesser assignments which plaintiff would consider of no value or an undesirable costly chore, could be handled by his other company, and the customer relationship thus satisfactorily sustained. Rather than being a breach of trust or a diversion of profit, it could be, depending on the facts proven, a benefaction to the employer, while still of comfort to the employee. Potiphar received no less from Joseph, but the judgment was also summary. Genesis, Chapter 39. McGivern, J. P., concurring in the dissent. The basic fallacy of the majority stance is that it peremptorily concludes that Fileppo has breached his obligation to plaintiff despite the permissive lee-way

of his contract: "except that he may be interested in any non-competitive business provided such interest does not impinge upon his duties and time under the terms of this agreement." This is not an unambiguous arrangement, and I do not see that on this submission, a court can conclude a transgression occurred as a matter of law. And as long as there remains unresolved "the *existence* of a material issue of fact" which "is fairly debatable", the motion must be denied. (*Stone* v. *Goodson*, 8 N Y 2d 8, 12.) And noteworthy is the development that although Fileppo avows that Graphein did not compete, that in fact it was complementary to the plaintiff, that plaintiff realized increasing profits, nevertheless the reply affidavit is not made by an interested party having personal knowledge of the pertinent and determinative facts, but by counsel. But, as has been observed before: "An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded (*Barnet* v. *Horwitz*, 278 App. Div. 700; *Cohen* v. *Pannia*, 7 A D 2d 886) ". (*Di Sabato* v. *Soffes*, 9 A D 2d 297, 301. See, also, *Leefe* v. *Public Serv. Mut. Ins. Co.*, 14 A D 2d 951; *Georgia-Pacific Corp.* v. *Port Pitt Supply*, 34 A D 2d 742.) Lastly, in the absence of proof of a breach, usually, after a trial and findings of fact, there can be no accounting. (*Town & Country House & Home Serv.* v. *Newbery*, 3 N Y 2d 554; *Tepfer & Sons* v. *Zschaler*, 25 A D 2d 786; *Defler Corp.* v. *Kleeman*, 19 A D 2d 396.) As noted the instant record precludes a determination as a matter of law that there has been a breach of an agreement or of a fiduciary relationship. Thus, in my judgment, Special Term was correct, and we should affirm. Settle order and interlocutory judgment on notice. [38 A D 2d 515.]